# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**REYNALDO SANCHEZ-TIBO,**
**A# 023-215-915,**

    Petitioner,

vs.                                              Case No. 4:18cv272-RH/CAS

**JEFF SESSIONS, et al.,**

    Respondents.

_____/

## REPORT AND RECOMMENDATION

Petitioner, proceeding pro se, initiated this case by submitting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on June 7, 2018.  ECF No. 1.  Petitioner simultaneously paid the filing fee, ECF No. 2, and the petition has been reviewed.

Petitioner alleges that he is a native and citizen of Cuba who entered the United States in 1980 as part of the Mariel Boatlift.  ECF No. 1 at 4-5. Petitioner was taken into ICE custody on October 28, 2017, having previously been ordered removed from the United States on December 6, 1990.  *Id.* at 3-5.  Petitioner asserts that ICE has been unable to remove

him to Cuba and contends that "Cuba will deny any and all requests for travel documents . . . ." *Id.* at 5.  Because he contends that it is not significantly likely that he will be removed in the reasonably foreseeable future, Petitioner seeks release from detention pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001).  *Id.* at 8.

Although the petition is generally sufficient for service, this case must be transferred because Petitioner is detained at the Glades County Detention Facility.  ECF No. 1 at 2.  Glades County is not within the territorial jurisdiction of this Court; it is within the jurisdiction of the Middle District of Florida.  Thus, because Petitioner is not detained within the Northern District of Florida, this case cannot proceed in this Court.

Generally, the proper defendant in a habeas case is the petitioner's "immediate custodian," that is, the warden of the facility in which the petitioner is incarcerated or detained at the time he files the habeas petition.[1]  Rumsfeld v. Padilla,[2] 542 U.S. 426, 439, 124 S.Ct. 2711, 159

---

[1] Padilla rejected the view that in "cases involving prisoners detained for 'other than federal criminal violations,' " a proper respondent may be "the person exercising the 'legal reality of control' over the petitioner . . . ."  542 U.S. at 437, 124 S.Ct. at 2719.

[2] Padilla does not alter the well-settled rule that if a district court properly acquires jurisdiction when the case was filed, then the petitioner's subsequent removal to another judicial district does not destroy the court's jurisdiction.  542 U.S. at 440, 124 S.Ct. at 2721 (relying on Ex parte Endo, 323 U.S. 283, 306, 65 S.Ct. 208, 89 L.Ed. 243 (1944) (holding that despite the Japanese-American citizen's removal from the district court's territorial jurisdiction, a respondent who resided in the district could appropriately

L.Ed.2d 513 (2004); see also Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).  Petitioner named the Sheriff of Glades County who may, or may not, also be the warden of the Glades County Detention Facility.  Nevertheless, it is clear that Petitioner is not confined within the Northern District of Florida.  "Only a court inside the district where the prisoner is confined has jurisdiction to grant relief pursuant to a § 2241 petition."  United States v. Saldana, 273 F. App'x 845, 846 (11th Cir. 2008) (holding that because none of the petitioners were confined in the Southern District of Florida, that "district court lacked jurisdiction to consider their § 2241 petitions.").  In the interest of justice, this case should be transferred to the Ft. Myers Division of the Middle District of Florida, the jurisdiction in which Petitioner is detained.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Petitioner's petition for writ of habeas corpus, ECF No. 1, filed under 28 U.S.C. § 2241 be

---

execute the writ)).  Indeed, the Supreme Court reiterated the simple and consistently applied rule that "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."  Padilla, 542 U.S. at 447, 124 S.Ct. at 2724.  Thus, "when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."  542 U.S. at 440-41, 124 S.Ct. at 2721 (explaining Endo, supra).

Case No. 4:18cv272-RH/CAS

**TRANSFERRED** to the United States District Court for the Middle District of Florida, Ft. Myers Division, for all further proceedings, and the Clerk of Court be directed to **CLOSE** this case.

**IN CHAMBERS** at Tallahassee, Florida, on June 13, 2018.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:18cv272-RH/CAS