UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REYNALDO SANCHEZ-TIBO,

    Petitioner,

v.                         Case No: 2:18-cv-503-FtM-29MRM

JEFF B. SESSIONS, U.S. Attorney General, KIRSTJEN NIELSEN, U.S. Secretary of Department of Homeland Security, MARC J. MOORE, U.S. ICE Field Office Director, and DAVID HARDIN, Sheriff of Glades County Detention Facility,

    Respondents.

## ORDER OF DISMISSAL

This matter comes before the Court on Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. #1, Petition), which was filed on June 7, 2018 and transferred to this Court on July 17, 2018 (Doc. #8). Respondents filed an Opposition to the Petition (Doc. #12) filed on August 8, 2018, incorporating a request to dismiss the Petition as moot. Id. at 1.

### I. BACKGROUND

According to the Petition, Petitioner is a native of Cuba and immigrated to the United States in 1980, as part of the Mariel boat lift. Doc. #1 at 5. Petitioner was subsequently ordered removed from the United States on December 6, 1990. Id.

Petitioner was taken into custody by United States Immigration and Customs Enforcement (ICE) on October 28, 2017. Id. at 6. Petitioner claims that ICE has been unable to deport Petitioner to Cuba to date, because there is no formal or informal repatriation agreement between Cuba and the United States. Id. at 7. Petitioner asserts that he is being unlawfully detained under Zadvydas v. Davis,[1] and asks the Court *inter alia*, to direct "Respondents to immediately release [him] from custody" and "[e]nter preliminary and permanent injunctive relief enjoining Respondents from further unlawful detention of Petitioner." Id. at 11.

Respondents in their response state that Petitioner was released under an order of supervision on June 5, 2018. Doc. #12 at 1. Respondents attach the Declaration of Supervisory Detention and Deportation Officer James R. Gamboa attesting to the fact that Petitioner was released from ICE's custody under an order of supervision. Id., Exhibit A.

## II. DISCUSSION

For the reasons set forth below, the Court concludes that this action must be dismissed as moot. "[A] case is moot when the

---

[1] Zadvydas v. Davis, 533 U.S. 678 (2001) (The United States may not indefinitely detain aliens under an order of deportation. To justify detention of aliens for a period of longer than six months, the government is required to show removal in the foreseeable future or special circumstances.).

issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Al Najjar v. Ashcroft, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (internal punctuation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." Id. at 1336.

However, dismissal after release is not automatic; a habeas petition continues to present a live controversy after the petitioner's release or deportation when there is some remaining "collateral consequence" that may be redressed by success on the petition. See Spencer v. Kemna, 523 U.S. 1, 7-8 (1998) ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."); Lopez v. Gonzales, 549 U.S. 47, 52 n.2 (2006) (case not mooted by petitioner's deportation because the petitioner could still benefit by pursuing his application for cancellation of removal). This exception to the mootness doctrine applies when: (1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration; and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again. Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Carafas v.

LaVallee, 391 U.S. 234, 237 (1968); Murphy v. Hunt, 455 U.S. 478, 482 (1982).

In the instant case, Petitioner challenges his extended detention pending deportation and seeks immediate release from ICE custody and any further illegal detention. Doc. #1 at 11. Petitioner does not challenge the underlying order of removal. Therefore, Petitioner's claim was resolved by his release under an Order of Supervision. The chances of his extended detention happening again are too speculative to create a controversy sufficient to support a claim for relief, and the narrow exception to the mootness doctrine does not apply. Petitioner has not filed a reply to the Respondents' response to show cause why his Petition should not be dismissed as moot.[2]

Since the Court can no longer give Petitioner any meaningful relief, his § 2241 petition is moot and "dismissal is required because mootness is jurisdictional." Al Najjar, 273 F.3d at 1336, 1253; Riley v. I.N.S., 310 F.3d 1253 (10th Cir. 2002) (release from detention under an order of supervision moots a petitioner's challenge to the legality of his extended detention); Nunes v. Decker, 480 F. App'x 173, 175 (3d Cir. 2012) (release of alien under order of supervision who challenged only his extended

---

[2] Petitioner has not filed a change of address with the Court. See docket. The Court notes that Respondents certify they sent a copy of the Response to Petitioner to new home address. Doc. #12 at 5.

detention mooted § 2241 habeas petition because the alien "achieved the result he sought in his habeas petition"); see also Phang v. Whiddon, Case No. 2:13-cv-149-FtM-29DNF, 2014 WL 6685345, * 3 (M.D. Fla. 2014).

Accordingly, it is hereby

**ORDERED:**

Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. #1) is **DISMISSED as moot.** The Clerk shall enter judgment accordingly, terminate any pending motions, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___17th___ day of August 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:
Counsel of Record